## Woodburn *versus* Wireman.

A treasurer's sale of several tracts of unseated land separately assessed, at a time, for one price, is void. The Act of Assembly gives no authority, except for the sale of each tract separately.

Where three tracts are mentioned in the assessment by their respective warrantee names, and the quantity in each given, and that quantity aggregated and valued at a certain amount per acre, this constitutes a separate assessment of each tract.

Where several contiguous tracts owned by the same person are *assessed* as one tract, it may be presumed that the owner so returned them, and a sale as one tract in that form would be proper as being a strict execution of the lien. But a joint sale of tracts severally taxed is unauthorized.

ERROR to the Common Pleas of *Cumberland county*.

This was an action of ejectment brought by John Wireman against John M. Woodburn to recover 888 acres of land in Newton township.

The plaintiff claimed under three warrants, dated respectively the 10th of March, 1794, to James Laughlin, Alexander McClintock, and Robert Laughlin, for 400 acres each. On the 11th and 12th July, 1794, the surveys were made, 403.15 each on the James Laughlin and Alexander McClintock, and 202 acres on the Robert Laughlin warrant. On the 16th October, 1794, patents for each of these tracts were issued to John Hallowell. Hallowell's title became vested in John A. Godfrey, who by his deed, dated the 18th April, 1815, conveyed to Nicholas Wireman the two first-mentioned tracts and 80 acres of the last, the residue of the 202 acre tract being covered by an older title; which deed conveys the whole 888 by metes and bounds, and recites the warrants under which it was surveyed. Nicholas Wireman and wife, on the 17th January, 1828, by deed conveyed the premises to John Wireman, the plaintiff, describing the land by the same metes and bounds contained in the deed from Godfrey to Wireman.

The defendant claimed under a sale and treasurer's deed for taxes, and gave in evidence the following:

Assessment for 1838, 1839, and 1840.

Warrantee.

403 acres 15 ps. Alexander McCullough.
403 " 15 ps. and James Laughlin.
200 " 0 ps. and Robert Laughlin.
————  ——
1006 acs. 3 ps., owned by Nicholas Wireman, at 25c. $252.

[Woodburn v. Wireman.]

Ledger E. in Commissioners' Office, p. 260.    Newton Unseated
Lands, 1840.

| 403 as. 15 ps. | | | Alexander McCulloch. | | |
|---|---|---|---|---|---|
| 403 " 15 ps. | 1838 | County tax, | | 226 | 63 |
| 200 | 1839 | do. do. | | | 63 |
| ——— | 1838 | School do. | | | 32 |
| 1006   30 ps. | 1838 | Road do. | | | 45 |

2.03

Costs,    3.87½

$5.90½

Sold at Treasurer's sale 8th June, 1840, to George Martin, for
$6 and tax and costs paid by him.     R. Snodgrass, Treas.

In Sale Book of Unseated Lands by Treasurer of Cumberland
county, on Monday, the 8th day of June, 1840, it is thus con-
tained:

| Acs. | ps. | Township | Warrantee or Owner in whose Name sold. | Page in Ledg. | Taxes due at Sale. | Amt. pd. by Pur'r. | No. of Deed. | Amt. of Bond. | Purchaser. |
|---|---|---|---|---|---|---|---|---|---|
| 1006 | 30 | Newton. | Alex. McCulloch | 260 | 2.03 | 5.90½ | 20 | 9½ | Geo. Martin. |

Amount sold for $6.00.

The defendant also showed a treasurer's deed made and acknow-
ledged to the purchaser in pursuance of this sale, and a regular
chain of conveyances from Martin to himself.

The court below (HEPBURN, P. J.) instructed the jury as
follows:—" In the case before us the three tracts were separately
assessed, one in the name of Alexander McCulloch for 403 acres
15 perches; another in the name of James Laughlin for 403 acres
15 perches; and the other in the name of Robert Laughlin for 200
acres—in all 1006 acres 30 perches, owned by Nicholas Wireman,
and valued at 25 cents, amounting to $252—but the whole 1006
acres 30 perches were sold in a body by the treasurer to George
Martin, under whom the defendant claims. For this sale of the
three tracts in the aggregate, the treasurer had no legal authority.
The assessment in separate tracts, as is shown by the Supreme
Court in Morton v. Harris, 9 Watts 319, was right, and forms
the very foundation for all subsequent proceedings, just as much
so as the levy upon a fi. fa. is the basis for a venditioni exponas.
The treasurer then, having disregarded the provisions of the law,
under which alone he had authority to sell, by selling three tracts
together, instead of separately, his sale confers no title, and the
plaintiff, having shown a perfectly legal one, is entitled to your
verdict."

The jury found for the plaintiff.

The foregoing instruction was the error assigned.

[Woodburn *v.* Wireman.]

*Williamson*, for plaintiff in error.—It is manifest the court below ruled the cause against the defendant on the ground that they considered there was a separate assessment of each of the three original surveys. This we hold to be an erroneous construction. There was one entire valuation or assessment of the whole 1006 acres. There was no dispute that the land sold was the same as conveyed from Godfrey to Wireman. He held and owned the land under one deed, as one entire tract and under one entire survey, designated by metes and bounds, and courses and distances. It was therefore taxable as one tract. And the manner in which it was assessed not only manifested an intention on the part of the assessor to assess it as one tract, but the valuation or assessment was actually so made. Wireman is expressly named as owner of the whole 1006 acres. In the case of Morton *v.* Harris, 9 *Watts* 319, there was a clear, distinct, and separate valuation or assessment of each tract by itself. This case does therefore not impugn, but accords with the position of the plaintiff in error.

The case of Harper *v.* McKeehan, 3 *W. & Ser.* 238, rules that "two adjoining tracts or pieces of land, surveyed separately, under different warrants, which the owner had purchased at different times, and had a survey made including both, may be assessed, taxed, and sold by the treasurer as one tract, for the payment of taxes." The title of the plaintiff in error is believed to be within the principle of this case, and there is error in the ruling of the court below.

*Watts* and *Parker*, for defendant in error.—The argument that because several tracts are conveyed by one deed, they are thereby made one tract of land, and that in the face of a separate assessment they may be sold together, and the title of the owner thus divested, cannot be sustained. As matter of fact, the allegation that they were assessed as one tract, cannot be maintained. Each tract was designated by its name and quantity. The fact that the county commissioners, in their account book, add the quantities and charge the aggregate with the tax, does not constitute such an assessment. It is no part of the assessment, and does not purport to be.

The revenue laws are to compel the payment of taxes, and not for the forfeiture of the estate. They referred to Act 3d April, 1804, § 1; Act 13th March, 1815, §§ 1, 2, 5, and 9. Every provision of these acts is predicated upon the consideration of how the lands were acquired from the state. To say that though it was known that this land embraced separate and distinct tracts, and was so assessed and returned, and that the commissioners may aggregate them into one and sell them as such, is in violation of all the principles of our law.

[Woodburn v. Wireman.]

The mode of conveyance does not give character to the land, or else it might change its character whenever it changes its owner. The fact that they were conveyed by one deed, could not make them one tract, especially as they are distinctly mentioned as *three* tracts, and the warrants and surveys recited.

The case of Harper *v.* McKeehan, 3 *W. & Ser.* 238, does not overturn or shake in the least the doctrine of Morton *v.* Harris. On the contrary it recognises and affirms it. That a man may purchase two adjoining pieces of land and survey and return them as one, no one doubts or disputes. That is Harper *v.* McKeehan. But the assessors or commissioners, or both together, cannot make one tract out of 1006 acres surveyed on three distinct warrants and surveys, returned and patented separately, and always so designated by their owners.

The opinion of the court was delivered by

BLACK, J.—This ejectment was for three adjoining tracts of land, separately warranted and separately surveyed, but subsequently conveyed, all of them together, by a deed which gave no courses or distances except those of the exterior lines. They were all sold by the treasurer for taxes as one tract and for a gross sum, though they appeared as three tracts on the assessment books. The question is, whether the purchaser at the tax sale acquired any title.

The case of Morton *v.* Harris (9 *Watts* 319) ; is directly in point. A sale of several tracts at a time for one price is void, because the Act of Assembly gives no authority except for the sale of each tract separately. Even if the statute were doubtful, there are reasons of policy and justice requiring it to be so construed. These reasons are given by Judge HUSTON in the case cited, and are perfectly satisfactory.

This case is supposed to differ from Morton *v.* Harris, because all the tracts were separately valued there, while here they are assessed together. But the fact is not so. We consider this a separate assessment which might have justified a separate sale. The three tracts are all mentioned, the names of the warrantee, and the contents of each are given, and the valuation is stated to be 25 cents per acre. But the acres of all are added together, and all are said to be owned by Nicholas Wireman. This is not an assessment of the whole 1006 acres as one tract; but the summing up of the contents of the three several tracts for the purpose of ascertaining the whole amount of the taxes upon them; and this cannot be called a consolidation of them into one tract, and a charging of the tax of each against the whole.

The act of assessing them severally imposes upon each tract its own burden (7 *Ser. & R.* 390); and neither can be sold for the taxes of the other, which is the effect of selling them together for

a joint tax. Lying in one body as they do, it might be called a mere irregularity, if they had been assessed as one tract (12 *Harris* 338); or we might presume that the owner had so returned them for assessment, and then the tax would be a charge against them all *in solido*, and the sale in that form would be proper, being a strict execution of the lien. But a joint sale of tracts severally taxed is altogether unauthorized.

Judgment affirmed.